UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:21-cr-00193-JPH-MJD-12 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE) |
| BRIAN MCGEE | |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:21-cr-00193-JPH-MJD |
| BRIAN MCGEE | ) | -12 |
| Defendant. | ) | |

**ORDER**

On August 30, 2024, Defendant Brian McGee filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 1525.

## I. Background

Mr. McGee is serving a 120-month sentence for conspiracy to distribute controlled substances. Dkt. 1003. Mr. McGee pleaded guilty to distributing significant amounts of methamphetamine and fentanyl over the course of six months in Indianapolis. Dkt. 603 at 7.

The Bureau of Prisons ("BOP") currently reports Mr. McGrath's anticipated release date as December 19, 2029. *See* Federal Bureau of Prisons, "Find an Inmate," https://www.bop.gov/inmateloc/ (last visited Nov. 23, 2026).

Mr. McGee argues that he is entitled to compassionate release because of extraordinary family circumstances—his daughter M.M. was determined to

be a child in need of services due to her mother's inability to care for her. Dkt. 1525 at 2–3. The government opposes the motion. Dkt. 1530.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). One exception to this rule allows a court to reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The United States Sentencing Commission has amended the Guidelines Manual to identify several circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

Mr. McGee seeks relief under U.S.S.G. § 1B1.13(b)(3)(A), which provides that extraordinary and compelling reasons may exist due to "[t]he death or incapacitation of the caregiver of the defendant's minor child . . . ." He argues that his child's mother was unable to care for his minor child M.M. due to abuse or neglect and that he should be released so that he can care for M.M. Dkt. 1525 at 1-3. Mr. McGee submitted documents related to Indiana court cause number 49D24-2309-JT-008027, *In the Matter of M.M., a Child in Need of Services* (hereinafter "the TPR proceedings"), which reflect that the state had sought to terminate his and the mother's rights as parents. *Id.* at 6. At the time Mr. McGee filed his motion for compassionate release, the TPR

proceedings were ongoing. *Id.* at 3 (discussing an upcoming hearing scheduled for September 2024).

The government opposed the motion on the basis that M.M. had been placed up for adoption and that Mr. McGee had not shown why her current caregiver was unsuitable. Dkt. 1530 at 4.

The Court has reviewed documents from the TPR proceedings in cause number 49D24-2309-JT-008027, which reflect the following: (1) Mr. McGee consented to M.M.'s adoption on May 13, 2025, (2) Mr. McGee was dismissed from the TPR petition the following day because "he has signed consents for the child to be adopted[,]" and (3) the wardship was terminated based on M.M.'s adoption on August 14, 2025. So, because Mr. McGee no longer has a legal parental relationship with M.M., his alleged extraordinary and compelling basis for compassionate release no longer applies and his motion is **denied**. Dkt. [1525].

### III. Conclusion

Mr. McGee's motion for compassionate release is **denied** because his alleged extraordinary and compelling basis for release no longer applies. Dkt. [1525].

The **clerk is directed** to seal the motion at dkt. [1525] because it contains the minor child's name and information related to confidential court proceedings. *See* I.C. § 31-39-1-2 (providing for the

confidentiality of juvenile court records); Ind. Access to Court Records Rule 5(A)(1) (excluding from public access entire cases "declared confidential by statute").

**SO ORDERED**.

Date: 11/24/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Brian McGee
Reg. No. 55440-509
FCI Ashland
Federal Correctional Institution
P.O. Box 6001
Ashland, KY 41105